UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COUPONCO WORLDWIDE, INC.,

                 Plaintiff,

    – against –

CARTER MAGAZINE, LLC,

                 Defendant.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

24-CV-8307 (ERK) (MMH)

KORMAN, Senior United States District Judge:

Plaintiff CouponCo Worldwide, Inc. ("CouponCo") brought this action asserting one claim of copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, against Defendant Carter Magazine, LLC ("Carter"). Carter has not appeared, and the Clerk of Court entered its default. CouponCo now moves for a default judgment under Federal Rule of Civil Procedure 55(b)(2).

## BACKGROUND

CouponCo is a professional photography company incorporated and domiciled in New Mexico. Compl. ¶¶ 5, 10, ECF No. 1. In 2014, William Coupon created a photograph of South African entertainer Zenzile Miriam Makeba ("the Photograph"), for which CouponCo obtained the rights and a copyright registration from the United States Copyright Office ("USCO") the same year. *Id.* ¶¶ 2, 12, 16; USCO Reg., ECF No. 17-8. Carter is a New York limited liability company that

1

owns and operates a digital website at domain www.carter-mag.com.  Compl. ¶¶ 3, 6.  On or around March 4, 2024, Carter began displaying a black and white copy of the Photograph on its website at URL: https://carter-mag.com/post/743994800303472640/today-in-history-miriam-zenzi-makeba.  *Id.* ¶ 27, 32; Webpage Image, ECF No. 1-2.

After sending two letters to Carter notifying it of the infringing activity and receiving no response, CouponCo filed this action asserting a single claim of direct copyright infringement on December 3, 2024.  Compl. ¶¶ 45–47.  CouponCo filed proof of service on December 27, 2024.  ECF No. 7.  Carter failed to answer or appear, and CouponCo requested and received a Certificate of Default on January 29, 2025.  ECF Nos. 8–11.

## STANDARD OF REVIEW

Rule 55 governs motions for default judgment and establishes a two-step process.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  First is a procedural step:  the non-defaulting party must obtain a Certificate of Default from the Clerk of Court by providing proof of service and an affidavit showing that the party against whom the default is sought has not answered or appeared.  Fed. R. Civ. P. 55; E.D.N.Y. L.R. 55.1.  Second is a substantive step:  if a Certificate of Default is granted, the factual allegations in the complaint are deemed true and admitted, and I evaluate whether those facts state a valid cause of action and warrant the relief

sought and whether material issues of fact remain. *See Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012). Courts also look to the factors used to weigh motions to set aside default judgments to determine if a default judgment is warranted, namely "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

## DISCUSSION

### I.   CouponCo Satisfied the Procedural Step

CouponCo has satisfied Rule 55's procedural step by presenting the documentation required by Local Civil Rule 55.1 and obtaining a Certificate of Default. ECF No. 11. Service was proper under Federal Rule of Civil Procedure 4(h), which allows parties to serve entities in the manner prescribed by the law of the state in which the district court is located. *Obot v. Citibank S. Dakota, N.A.*, 347 F. App'x 658, 659 (2d Cir. 2009). CouponCo served Carter by delivering the Complaint and Summons to a clerk at the Office of the Secretary of State of the State of New York, ECF No. 7, a valid method for serving a limited liability company under New York law, *see* N.Y. Ltd. Liab. Co. Law § 303 (McKinney 2024).

3

## II. CouponCo Satisfies the Substantive Step

### A. CouponCo Pled a Viable Claim Under the Copyright Act

To establish a claim of direct copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108–09 (2d Cir. 2001); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). CouponCo satisfies both elements.

Under the Copyright Act, "the certificate of a [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c); *see also MerchDirect LLC v. Cloud Warmer, Inc.*, No. 17-CV-4860, 2019 WL 4918044, at *7 (E.D.N.Y. Sept. 30, 2019). CouponCo establishes ownership of a valid copyright by appending a notice of copyright registration that the USCO issued in 2014 for a work produced the same year. *See* ECF No. 17-8. Moreover, in failing to answer the complaint, Carter does not challenge the validity and ownership of the copyright. *See Jeremiah v. 5 Towns Jewish Times, Inc.*, No. 22-CV-5942, 2023 WL 5703698, at *3, *5 (E.D.N.Y. Sept. 5, 2023).

To establish infringement, a copyright holder must demonstrate that the alleged infringer is "copying," *i.e.*, engaging in the copyright owner's exclusive rights as provided by 17 U.S.C. § 106 with regard to the original and protected

4

aspects of the work. *See Jeremiah*, 2023 WL 5703698, at *5–6. The Photograph is an original work created through artistic choices, to which CouponCo has obtained the rights. Compl. ¶¶ 15, 18. CouponCo did not license, permit, or assign to Carter any right to use the Photograph. *Id.* ¶ 29. And the documentation CouponCo provided—namely, the Photograph and its gray-scaled but otherwise identical reproduction on Carter's website, *see* ECF No. 1-2—demonstrates that Carter publicly displayed the copyrighted work and therefore infringed on CouponCo's copyright. Carter's liability for copyright infringement is established.

### B. Default Judgment is Warranted

Applying the three factors discussed above, I conclude that a default judgment is warranted. First, willfulness. A defendant's failure to respond to a properly served complaint or otherwise appear evinces a willful default. *Song v. Kensington Int'l, Inc.*, No. 21-CV-543, 2024 WL 416494, at *5–6 (E.D.N.Y. Jan. 29, 2024); *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *6 (E.D.N.Y. Sept. 16, 2014). Considering that CouponCo sent two pre-suit letters, and properly served and made additional efforts to notify Carter of this action and its progress, Carter's default is particularly willful. *See* Sanders Aff. ¶¶ 8–9; ECF No. 17. Second, meritorious defenses. Defaulting defendants do not assert any defenses, and courts are therefore unable to make any determination regarding the merits of unraised defenses. *Krevat*, 2014 WL 4638844, at *6. Lastly, prejudice to the plaintiff.

5

Because CouponCo has pled a valid claim for copyright infringement and has no other recourse to stop this ongoing harm outside of a lawsuit, it would be prejudiced if I denied this motion. CouponCo's motion for default judgment is therefore granted, and I turn to remedies.

### III.     Remedies

**A. Damages**

CouponCo seeks $20,000 in statutory damages under the Copyright Act, which provides that a

> copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). If a plaintiff proves that the infringement was willful, courts may award up to $150,000 in statutory damages. 17 U.S.C. § 504(c)(2). Statutory damages vindicate copyright protections and deter would-be infringers, and they allow plaintiffs to recover damages without providing proof of loss. *Yurman Design, Inc.*, 262 F.3d at 113–14. District courts have "wide discretion" in setting statutory damages awards. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986).

Courts in this Circuit consider the following factors to determine the amount of statutory damages for copyright infringement:

6

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010). In factually analogous situations in recent years, the majority trend in this District has been to award much less than CouponCo seeks, typically between $1,000 and $5,000, with the reasoning being that a plaintiff's choice to not provide proof of damages suggests that the actual harm was *de minimis* and that an award in that range is a fair balance between deterrence and recompense for a one-time infringement of a photograph. *See, e.g.*, *Fedorova v. DML News & Ent., Inc.*, No. 23-CV-7468, 2024 WL 5119108, at *6 (E.D.N.Y. Oct. 10, 2024) (collecting cases and recommending $1,000 in statutory damages), *report and recommendation adopted*, Oct. 25, 2024 ECF Order; *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643, 2020 WL 136659, at *2–5 (E.D.N.Y. Jan. 13, 2020) (discussing the wide range of statutory damages awarded in similar copyright infringement default judgment decisions and awarding $5,000); *see also Mantel v. Smash.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) ("Statutory damages need not be directly correlated to actual damages, but they ought to bear 'some relation to actual damages suffered.' . . . [T]he seeming absence of tangible harm is something the Court may consider."

7

(quoting *Philpot v. Music Times LLC*, No. 16-CV-1277, 2017 WL 9538900, at *8 (S.D.N.Y. Mar. 29, 2017)).

More substantial statutory damages are often awarded when plaintiffs plead additional facts showing the defendant's willfulness or actual awareness of the infringement, such as pre-suit letters or requests for injunctive relief. *E.g.*, *Verch v. Sea Breeze Syrups, Inc.*, No. 19-CV-5923, 2020 WL 7407939, at *4 (E.D.N.Y. Aug. 20, 2020) (discussing cases applying this principle), *report and recommendation adopted*, 2020 WL 7402209 (E.D.N.Y. Dec. 17, 2020). But there are cases where substantial statutory damages (similar to what CouponCo seeks) are awarded for analogous copyright infringements absent that sort of evidence. *E.g.*, *Sadowski v. Render Media Inc.*, No. 17-CV-9045, 2020 WL 1178629, at *4 (S.D.N.Y. Mar. 10, 2020) (recommending $25,000 in statutory damages for use of single photograph on a webpage), *report and recommendation adopted*, 2020 WL 5968668 (S.D.N.Y. Oct. 8, 2020); *Verch v. Handsome Serv., Inc.*, No. 19-CV-5162 (E.D.N.Y. May 18, 2020) (docket order) (awarding $30,000 in statutory damages for online infringement of one photograph).

CouponCo elects to pursue statutory damages without providing any evidence of harm. I will exercise the broad discretion afforded here to award the $20,000 in statutory damages CouponCo seeks. Carter's infringement is knowing and willful. CouponCo provided pre-suit letters, along with evidence of its consistent efforts to

8

bring Carter to the table during this litigation. Carter ignored it as it continued infringing. And "[d]efendant's status as a publisher in online media makes its infringement more blameworthy." *Mantel*, 2019 WL 5257571, at *3. Carter, operating in a business that necessitates copyright law compliance, has ostensibly chosen neither compliance nor respect for the legal process that ensures it. It is 2025, where malfeasance on the internet is widespread, complex, and difficult to combat. Larger awards that are still well within the statutory range are aptly strong deterrents to internet media theft, which is already difficult to bring to account, particularly when it is followed by utter disregard for legal process. Given that even greater awards have been issued with less evidence of willful default, I award CouponCo $20,000 in statutory damages with little hesitancy.

### B. Attorneys' Fees and Costs

Next, CouponCo seeks $3,835.00 in attorneys' fees and $474.30 in costs. Specifically, the fee compensates 8.1 hours billed, including 1 hour billed by Craig Sanders (a partner) at $750/hour, 1.2 hours billed by Renee Aragona (an associate who graduated law school in 2011) at $550, 4.4 hours billed by Jaymie Sabilia-Heffert (an associate who graduated law school in 2015) at $500, and 1.5 hours billed (total) by two paralegals at $150. Sanders Aff. ¶ 20; ECF No. 17. The costs figure includes the $405.00 filing fee and the $69.30 cost for service of process. *Id.*

The Copyright Act allows for recovery of a "reasonable attorney's fee" and "full costs." 17 U.S.C. § 505. Awarding plaintiffs the filing fee (of which I can take judicial notice) and process service expenses is standard practice in these cases. *E.g.*, *Fedorova*, 2024 WL 5119108, at *8. CouponCo is accordingly awarded $474.30 in costs.

Attorneys' fees are scrutinized more closely. "The starting point of the attorney's fee calculation is the lodestar method, under which fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Wright v. Miah*, No. 22-CV-4132, 2023 WL 6219435, at *14 (E.D.N.Y. Sept. 7, 2023) (internal quotation marks omitted) (quoting *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668–69 (S.D.N.Y. 2001)), *report and recommendation adopted*, 2023 WL 6216541 (E.D.N.Y. Sept. 25, 2023). The lodestar "is essentially what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Id.* (internal quotation marks omitted) (quoting *Streamlight, Inc. v. Gindi*, No. 18-CV-987, 2019 WL 6733022, at *18 (E.D.N.Y. Oct. 1, 2019)); *see also Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (explaining that a reasonable hourly rate should be determined through a "'case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded

10

in prior cases and the court's own familiarity with the rates prevailing in the district'" (quoting *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005))).

The 8.1 hours—and the division of labor that went into it—is reasonable time to have billed on this case. *E.g.*, *Martinka v. Yeshiva World News, LLC*, No. 20-CV-5330, 2022 WL 4484655, at *8 (E.D.N.Y. Sept. 27, 2022) (approving more hours in a similar matter). As for billing rates, I find persuasive Judge Block's thorough discussion of the Eastern District of New York's forum approach to attorneys' fees and his decision to depart from the stagnant rates consistently awarded in favor of new, inflation-adjusted standards. *See Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 241–44 (E.D.N.Y. 2025). The new rates are $450–$650 for partners, $300–$450 for senior associates, $150–$300 for junior associates, and $100–$150 for paralegals. *Id.* at 243–44.

Craig Sanders is an experienced copyright litigator frequently appearing in this District who was recently awarded an hourly rate of $650. *Harbus v. Vosa TV Inc.*, No. 24-CV-3572, 2025 WL 1153818, at *3 (E.D.N.Y. Apr. 21, 2025). However, in my discretion and "considering Sanders' experience, the relatively simple posture of this case, and the current market rates—an hourly rate of $550.00 is reasonable." *Mecea v. Yid Info Inc.*, No. 23-CV-8409, 2025 WL 926204, at *3 (E.D.N.Y. Mar. 27, 2025) (awarding Mr. Sanders $550/hour and a senior associate with nine years' experience $325/hour in an analogous copyright default judgment). Renee Aragona

11

has been practicing civil litigation in New York since 2011 and accordingly commands a rate higher in the range for senior associates, which I determine to be $375/hour. Jaymie Sabilia-Heffert, a 2015 law school graduate, has a reasonable rate of $325, *see id.*, and the two paralegals in this case, who performed substantial legal work, have a reasonable rate of $125, *Harbus*, 2025 WL 1153818, at *3.

The 8.1 hours at those reduced rates amount to a reasonable attorneys' fee of $2,617.50, broken down as follows:

| Biller | Hours Billed | Revised Hourly Rate | Subtotal |
|---|---|---|---|
| Craig Sanders | 1.0 | $550 | $550 |
| Renee Aragona | 1.2 | $375 | $450 |
| Jaymie Sabilia-Heffert | 4.4 | $325 | $1,430 |
| Julie Busch | 1.0 | $125 | $125 |
| Laura Costigan | 0.5 | $125 | $62.50 |
| Total | 8.1 | | $2,617.50 |

### C. Injunctive Relief

Lastly, CouponCo seeks a permanent injunction. "Section 502(a) of the Copyright Act provides that any court may grant 'final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-998, 2024 WL 3369986, at *10 (E.D.N.Y. July

11, 2024) (quoting 17 U.S.C. § 502(a)). "[C]ourts generally grant permanent [injunctions] where liability has been established and there is a threat of continuing infringement." *Id.* CouponCo must still make the traditional showing of "(1) irreparable injury in the absence of an injunction, (2) the inadequacy of monetary damages alone, (3) that the balance of hardships tips in its favor, and (4) that a permanent injunction would not disserve the public interest." *Id.* (quoting *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-5305, 2020 WL 6875260, at *5 (E.D.N.Y. Nov. 12, 2020)).

Each step is satisfied here in accordance with well-established case law: because Carter willfully defaulted while continuing its infringement, CouponCo will suffer an irreparable injury that money damages cannot rectify absent an injunction, the balance of hardships tips in its favor, and the public has an interest in enforcement of copyright law. *Fedorova*, 2024 WL 5119108, at *9 (discussing cases granting permanent injunctions in analogous situations). I therefore grant a permanent injunction prohibiting Carter from publishing the Photograph.

## **CONCLUSION**

CouponCo's motion for default judgment is granted. Carter is permanently enjoined from continuing to display or use the Photograph (including any altered reproductions of the same image) on its website or in any other manner unless it receives a license or express consent from CouponCo to do so. I award Plaintiff a

13

default judgment in the amount of $23,091.80, consisting of $20,000 in statutory damages, $2,617.50 in attorneys' fees, and $474.30 in costs. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 until the judgment is paid in full.

**SO ORDERED.**

Brooklyn, New York                                        *Edward R. Korman*

September 17, 2025                                        Edward R. Korman

                                                                         United States District Judge